Timothy Lee COLLINS, Appellant,

v.

Robert MEYERS.

No. 01–1713.

United States Court of Appeals, Third Circuit.

Argued May 19, 2003.

Decided Aug. 29, 2003.

Thomas N. Farrell (Argued), Pittsburgh, Pennsylvania, for Appellant.

Paula C. DiGiacomo (Argued), Office of District Attorney, Crawford County Courthouse, Meadville, Pennsylvania, for Appellee.

Before: SCIRICA, Chief Judge, NYGAARD and BECKER, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Timothy Lee Collins was convicted in state court of arson endangering persons, a felony of the first degree, which stemmed from an apartment building fire that resulted in the death of a tenant. He now appeals the denial of his petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel for failing to investigate whether another person committed the offense.

## I.

The fire occurred on September 20, 1990, and resulted in the death of tenant Patricia Boyle. Police and fire officials conducted an investigation and determined the fire to have been incendiary in origin. Several suspects were considered in connection with the fire, including Collins, a volunteer fireman who responded to a call to fight the fire, and Jonathan Waid, an overnight visitor present at the scene. On September 27, 1990, investigators drove Collins from his residence to the police station, where, in a tape recorded statement, he confessed to starting the fire.[1] *Commonwealth v. Collins*, No.1990–780 (Pa.Commw.Ct. Oct. 18, 1995). Collins was charged with criminal homicide, arson endangering persons, and lesser related offenses.

Collins, who was represented by counsel, waived his right to a jury and proceeded to a bench trial where he was found guilty of arson endangering persons, 18 Pa. Cons. Stat. § 3301(a), and sentenced to life imprisonment without the possibility of parole. The Pennsylvania Superior Court affirmed, *Commonwealth v. Collins*, 427 Pa.Super. 640, 625 A.2d 88 (1992), and

---

1. After three days of testimony at the suppression hearing, the confession was ruled admissible.

allocatur was denied, *Commonwealth v. Collins*, 533 Pa. 656, 625 A.2d 1191 (1993). Collins filed a petition for post-conviction collateral relief which was denied after two extensive evidentiary hearings. The Pennsylvania Superior Court affirmed, *Commonwealth v. Collins*, 695 A.2d 435 (Pa.Super.Ct. Mar. 6, 1997), and allocatur was denied, *Commonwealth v. Collins*, 550 Pa. 676, 704 A.2d 634 (1997). Collins filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, which the District Court denied. He then appealed.

## II.

Our review of the District Court order is plenary, as that court did not conduct an evidentiary hearing. *Hartey v. Vaughn*, 186 F.3d 367, 371 (3d Cir.1999). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d):

> mandates a two-part inquiry; first, the federal court must inquire whether the state court decision was 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States; second, if it was not, the federal court must evaluate whether the state court judgment rests upon an objectively unreasonable application of clearly established Supreme Court jurisprudence.

*Matteo v. Superintendent*, 171 F.3d 877, 880 (3d Cir.1999) (en banc). Accordingly, § 2254(d) "firmly establishes the state court decision as the starting point in habeas review." *Hartey*, 186 F.3d at 371.

## III.

The issue on appeal is whether trial counsel provided ineffective assistance of counsel by failing to investigate an allegation that Jonathan Waid, a visitor in the apartment house destroyed by the fire and who testified at Collins' trial on behalf of the Commonwealth, committed the arson. A fellow inmate of Collins', Michael Winans, allegedly told Collins and two correc-

tional officers that Waid had set the fire. Collins contends he relayed this information to trial counsel who failed to investigate further.

To succeed on his ineffective assistance of counsel challenge, Collins must show that trial counsel's alleged failure to investigate was deficient and but for that deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In other words, a court should undertake a two-step analysis when determining whether counsel gave ineffective assistance: first, a court must determine whether "counsel's representation fell below an objective standard of reasonableness"; second, a court must determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. 2052. "Reasonable probability" in this context denotes "a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

> In *United States v. Gray* we held:
> [T]he range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight. It is therefore only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance.

878 F.2d 702, 711 (3d Cir.1989) (internal citation omitted). Even where counsel is found to be ineffective, it must be established by a reasonable probability that the jury's verdict would have been different but for counsel's ineffectiveness. *Id.* Our confidence in the outcome shall not be undermined by mere speculation about what a witness might have said. *Id.* Instead, there must be a plausible showing of

how the testimony of a witness would have been both material and favorable. *See id.; United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

## IV.

Trial counsel's failure to interview witnesses regarding Waid's alleged role in starting the fire does not constitute ineffective assistance of counsel. Assuming trial counsel was deficient, Collins has failed to show that the testimony of witnesses his counsel "failed to interview" would have been both material and favorable. The Pennsylvania Post Conviction Relief Act court, *Commonwealth v. Collins*, No.1990–780 (Ct. C.P. Crawford May 29, 1996), and the Pennsylvania Superior Court, *Commonwealth v. Collins*, No. 01136, 695 A.2d 435 (Pa.Super.Ct Mar. 6, 1997), fully examined this issue. At the first PCRA hearing, John Wade, a state corrections officer, testified that Winans told him Jonathan Waid committed the arson, which Winans claimed to know because he saw Waid on the night in question with a gasoline can and a duffel bag near where the arson occurred. But the failure to call Wade and have him testify regarding this information could not have prejudiced Collins because his testimony would have been inadmissible hearsay.[2] Likewise, the failure to call state corrections officer Dorian Denman to testify that Winans told him Collins did not commit the arson would have been inadmissible hearsay.

Following the first post-conviction evidentiary hearing, the PCRA court found that "the Petitioner failed to carry his burden of proving that there exists a witness who would have testified on the Petitioner's behalf and would have cast serious doubt on the finding of guilt. We believe that if such a witness exists, the Petitioner should have presented him at the PCRA hearing." The court set a second hearing to address the sole issue of failure to investigate, "whereat the Petitioner must present any uncalled witness who would have testified on his behalf at trial that somebody else committed the arson." Defense counsel failed to produce a witness who would testify favorably on Collins' behalf. After that hearing, the PCRA court concluded:

> ... If his testimony at the recent PCRA hearing is true then we can conclude, without hesitation, that he would not have appeared on the defendant's behalf and he would not have presented favorable evidence. We cannot now guess what his testimony would have been in 1990 when this case went to trial. We cannot grant post conviction relief based upon a mere guess or suspicion, even if we could guess or even if we had a suspicion.

> The defendant has failed to meet the required test for ineffectiveness with respect to the failure to interview or call a witness.

> Based upon what we now have it appears that two corrections officers, John

**2.** It is arguable that if Winans had been called to testify that Waid did not commit the arson, Wade and Denman could have been called as impeachment witnesses to testify that Winans had earlier made statements to the contrary. *See Commonwealth v. Wilson*, 550 Pa. 518, 521, 707 A.2d 1114 (Pa.1998) (it is a "longstanding rule that prior inconsistent statements of non-party witness could ... be used to impeach the credibility of the witness"). But the prior inconsistent statement would not be admissible as substantive evidence. *See Commonwealth v. Kimbell*, 563 Pa. 256, 265 n. 4, 759 A.2d 1273 (Pa.2000) ("[A] prior inconsistent statement by a non-party witness shall be used as substantive evidence only when the statement was given under oath at a formal legal proceeding, or the statement was reduced to writing signed and adopted by the declarant, or the statement was recorded verbatim contemporaneously with the making of the statement.").

Wade and Dorian Denman, would have testified that Michael Winans told them that his cousin, Jonathan Waid, was responsible for this fire. The testimony of those two corrections officers would not be admissible at trial. It would amount to impermissible hearsay. They were out of court statements made by Winans to the corrections officers, who would be witnesses at trial, and the statements purportedly made by Winans would have been offered to prove the truth of the contents thereof. Only Winans could testify unless of course his testimony would amount to hearsay also. Only Winans himself could say he saw his cousin at the scene. And now we know Winans won't say that.

*Commonwealth v. Collins,* No.1990–780 (Ct. C.P. Crawford May 29, 1996).

The Pennsylvania Superior Court found:

... Counsel is not ineffective for failing to assert a defense that would not have been beneficial or for failing to interview witnesses whose testimony would not have been helpful....

... [T]rial counsel testified that appellant informed him that Michael Winans would implicate his cousin, Jonathan Waid, as the person responsible for the fire. Counsel indicated that he was familiar with Winans and did not believe him to be a particularly credible witness. Counsel's assessment was corroborated by appellant's own comments in his letters to counsel as well as Jonathan Waid's testimony. As a result, counsel decided that appellant would be better served by focusing on the suppression of appellant's statements because the Commonwealth had no other evidence linking appellant to the crime.

Winans, Waid and two corrections officers testified at appellant's post-conviction hearing. Winans denied telling either appellant or the corrections officers that his cousin set the fire for which appellant was arrested. However, this testimony was contradicted by that of the jail guards, who had spoken with Winans while he was incarcerated and had heard him implicate his cousin. Winans further indicated that the idea to blame Jonathan Waid originated with appellant. Although Winans would have been available to testify at appellant's trial, he indicated that he would not have testified in a manner favorable to appellant's defense. Jonathan Waid was also available to testify at trial and actually did so on behalf of the Commonwealth. Waid likewise stated that he would not have had anything favorable to say on appellant's behalf.

In light of the above testimony, trial counsel was not ineffective for failing to investigate Winans or Waid as potential witnesses or in failing to call them to testify at trial. There is absolutely no indication that either Waid or Winans would have provided testimony favorable to appellant. Even were we to assume that Winans would have implicated his cousin, counsel was aware of the fact that Winans had a credibility problem and that he would have been subject to impeachment based on his prior criminal record. Winans' testimony thus would have been of marginal value, even if counsel had interviewed him and called him to testify at trial. Under these circumstances, counsel was not ineffective.

*Commonwealth v. Collins,* No. 01136, 695 A.2d 435 (Pa.Super.Ct. Mar. 6, 1997) (internal citations omitted).

Given the deferential standard we accord to state courts' factual determinations, we find no error. *See Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (deference owed to findings of both state trial and appellate courts). Collins has failed to plead and prove a constitutional violation. He had two opportunities to present witnesses or

admissible exculpatory evidence that would support his claim. Winans denied having ever told Collins or the corrections officers that Waid committed the arson. He testified that he had no reason to believe Waid committed the arson and that, had he been called to testify at Collins' trial, he would not have had anything favorable to say on behalf of Collins. Likewise, Waid stated he would have nothing favorable to say on Collins' behalf. Furthermore, the failure to interview state corrections officers Wade and Denman and call them to testify as to Collins' innocence could not have prejudiced Collins, for their testimony would have been inadmissible hearsay.

Therefore, we hold that Collins has failed to make a plausible showing that the testimony of witnesses counsel failed to interview would have been both material and favorable.

## V.

For the reasons outlined, we will affirm the order of the District Court.